GRIMES, Judge.
Bullard & Walling, Inc. (contractor) sued appellees, Mr. and Mrs. Donald A. Regar (Regars) and appellants, Mr. and Mrs. Frank Weaner (Weaners) for breach of contract and for foreclosure of a mechanic’s lien. Subsequent to the filing of the complaint, the contractor dismissed so much of the action as pertained to the Regars. After the Regars were dropped as parties defendant, the Weaners filed a third party complaint against the Regars. After an order was entered dismissing the third party complaint with leave to amend, the Weaners filed an amended third party complaint against the Regars. The Regars moved to dismiss the amended third party complaint and the motion was granted. The Weaners have appealed the order dismissing their amended third party complaint.
According to the pleadings, on November 19, 1974, the Regars, the Weaners and the contractor entered into a three-party agreement for sale to the Weaners of a residence then being constructed by the contractor for the Regars. The agreement called for the immediate payment of $150,000 to the Regars and the contractor and for the balance of $125,000 to be subsequently paid to the contractor. The contract stated that the house was to be sold in an “as is” condition and that the Regars would have no further responsibility to the Weaners upon the delivery of a warranty deed. The contractor agreed to finish the house according to the Weaners’ specifications.
In the amended complaint, the contractor alleges that it has fully performed all of the work required under the contract. The contractor asserts that the Weaners still owe it $115,000 under the contract plus extras in the sum of $16,149.37. The theory of the third party complaint is that as a result of the contractor’s suit, the Weaners are subjected to the possibility that the court will declare that a mechanic’s lien exists for monies due stemming from labor and services rendered by the contractor prior to the date that the Regars conveyed the property to the Weaners. Thus, the Weaners contend that the Regars may be liable to them for breach of the covenant against encumbrances in the warranty deed.
The premise upon which the amended third party complaint was dismissed was that since the contractor’s claim of lien was not filed until after the date of delivery of the warranty deed, there could have been no breach of the covenant against encumbrances. The court rejected the contention that an encumbrance could have existed at the time the deed was delivered because of the relating back of the lien to the time of the recording of the notice of commencement under Section 713.07, Florida Statutes (1975). We find it unnecessary to pass on this interesting question because we believe that the amended third party complaint was subject to dismissal because of a more basic reason.
According to the allegations of the amended complaint, the money still due and owing by the Weaners is for labor, services and materials furnished by the contractor to the Weaners. Therefore, even if the contractor successfully prosecutes its claim, the Weaners would have no cause of action over against the Regars since a lien, if established, would have been predicated on labor, services and materials furnished subsequent to conveyance and would not have come about through the fault of the Re-gars. Moreover, even if it could be shown that part of the balance owing under the contract covered labor, services and materials furnished to the Regars and not paid for prior to the sale, the Weaners could not be *88 heard to complain because this was a matter which was washed out by the contract. Under the present state of the pleadings, the Weaners have received exactly what they bargained for, to wit: a completed house, and Bullard & Walling is only making claim for the balance owed under the contract plus payment for the extras allegedly requested by the Weaners.
The order dismissing the amended third party complaint is
AFFIRMED.
McNULTY, C. J., and SCHEB, J., concur.